UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   22-14026-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

ARTAVIS SPIVEY,

      **Defendant.**
_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S "MOTION TO WITHDRAW PLEA OF GUILTY"**

  The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to the *pro se* "motion to withdraw plea of guilty" filed by the defendant, Artavis Spivey ("Spivey"). In sum, Spivey seeks permission from the Court to withdraw his guilty plea to counts one and two of the indictment, which charge him with carjacking and brandishing a firearm during and in relation to a crime of violence. The United States submits Spivey has failed to establish a fair and just reason to withdraw his guilty plea, and that this matter should proceed to sentencing.

## BACKGROUND

  On May 5, 2022, a federal grand jury in the Southern District of Florida returned an indictment charging Spivey and Daniel Zamot ("Zamot") with carjacking, in violation of 18 U.S.C. §§ 2119(1) and 2 (count one), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (count two), and Spivey with possession of a firearm as a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (count three). (Doc. No. 12.)

1

On August 26, 2022, Spivey pled guilty to counts one and two of the indictment pursuant to a written plea agreement with the United States. (Doc. Nos. 57, 59-60.) Spivey's sentencing hearing is scheduled for November 10, 2022. (Doc. No. 62.)[1]

On September 8, 2022, Spivey filed a *pro se* motion to withdraw his guilty plea. (Doc. No. 61.) In support of his request to withdraw his guilty plea, Spivey claims he "still need[s] [his] Discovery." (*Id.*) Aside from this conclusory assertion, Spivey offers no colorable basis for why the Court should permit him to withdraw his guilty plea.[2]

## ANALYSIS

Federal Rule of Criminal Procedure 11(d)(2)(B) provides, in relevant part, that a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." "[T]here is no absolute right to withdraw a guilty plea prior to imposition of a sentence." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). The defendant bears the burden of proof to demonstrate a fair and just reason for requesting the withdrawal. *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006).

In analyzing whether a defendant has met this standard, the Court should consider the following factors: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea. *Buckles*,

---

[1] Zamot also pled guilty to counts one and two of the indictment. (Doc. Nos. 33-35.) Zamot's sentencing hearing is scheduled for November 17, 2022. (Doc. No. 55.)

[2] To be clear, Spivey does not assert his innocence or offer any possible defenses to the crimes he admitted under oath to committing at his change of plea hearing.

843 F.2d at 471-72. If the defendant fails to satisfy the first two factors, the Court need not thoroughly analyze the others. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

The "withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice." *United States v. Horne*, 987 F.2d 833, 837 (D.C. Cir. 1993). "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) (internal marks and citation omitted).

When the plea colloquy sufficiently demonstrates the plea was knowing and voluntary, the Court is not required to hold an evidentiary hearing on a motion to withdraw. *See United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir. 1986).

A.  **Close Assistance of Counsel was Provided to Spivey.**

During the plea colloquy, Spivey testified under oath that he had received a copy of the indictment and that he had discussed his case with his attorney (Change of Plea Hr'g Tr. at pg. 6:10-15).[3] The Court read the relevant counts of the indictment to Spivey and Spivey acknowledged that he understand the relevant charges against him (*Id*. at pgs. 6:16-25; 7:1-15). Spivey affirmed that he had enough time to fully discuss the charges against him with his attorney, and that he was fully satisfied with his attorney and with the advice and representation he had received from his attorney in connection with his case (*Id*. at pgs. 7:16-21; 30:3-5). When asked if he had any questions of his attorney that had not been answered to his satisfaction, Spivey responded "No, ma'am" (*Id*. at pg. 7:22-24). The Court and the United States advised Spivey of

---

[3] A transcript of the change of plea hearing is attached as Exhibit "A."

the applicable penalties, including the mandatory minimum sentence he faces on count two of the indictment, and Spivey stated that he understood them (*Id*. at pgs. 10:25; 11:1-25, 12:1-25, 13:1-25, 14:1-22). Spivey acknowledged that he and his attorney had discussed the evidence the United States had against him (*Id*. at 22:4-25; 23:1-25; 24:1-25; 25:1-25; 26:1-25; 27:1-18). Spivey testified that prior to signing the plea agreement and factual proffer, he had the opportunity to review both documents and talk to his attorney about them (*Id*. at pgs. 17-27). Finally, Spivey confirmed he had discussed the advisory sentencing guidelines with his attorney and that he understood how the guidelines might affect his case (*Id*. at pgs. 14:23-25; 15:1-23).

In short, the plea colloquy adequately demonstrates that Spivey received close assistance of counsel. *See United States v. Gant*, 215 Fed.Appx. 836, 837 (11th Cir. 2007) ("[A]t the plea colloquy, the district court informed Gant of the sentencing procedures and that the court could sentence him to up to forty years in prison, but not less than the mandatory minimum of five years. Gant stated under oath at the plea colloquy that he had discussed with his attorney how the sentencing guidelines might apply to his case but that no one had made him any promises concerning the sentence that he would receive, that he had adequate time to confer with his attorney, that his attorney had answered all of his questions, that he was satisfied with his attorney's advice and recommendations, and that there was nothing that his attorney had failed to do. These statements demonstrate that Gant received close assistance of counsel."); *United States v. Pitts*, 463 Fed.Appx. 831, 833 (11th Cir. 2012) (finding close assistance of counsel when defendant stated that her attorney had fully and completely discussed the case with her, had advised her of her constitutional rights and possible defenses, and that she was completely satisfied with her attorney's advice and representation); *United States v. Anderson*, 384 Fed.Appx. 863, 865 (11th Cir. 2010) (finding close assistance of counsel when defendant testified that his attorney was

available to answer his questions, had met with him with him several times, and that he had the opportunity to discuss the plea with his attorney and that he was satisfied with his attorney's advice).

**B.      Spivey's Plea was Knowing and Voluntary.**

In order for a plea to be knowing and voluntary, it must be: (1) free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.  *United States v. Jones*, 143 F.3d 1417, 1418-19 (11th Cir. 1998).

During the plea colloquy, the Court explained the charges against Spivey, who confirmed that he understood both the charges against him and the elements the United States would have had to prove beyond a reasonable doubt had the case proceeded to trial (*Id*. at pgs. 6:16-25; 7:1-25, 8:1-25, 9:1-13).   The Court reviewed the range of penalties that could be imposed and Spivey affirmed that he understood the Court could impose up to a statutory maximum term of fifteen years' imprisonment on count one of the indictment, and was required to impose a mandatory minimum term of seven years' imprisonment and up to a statutory maximum term of life imprisonment on count two of the indictment, to be served consecutively to the sentence imposed on count one of the indictment (*Id*. at pgs. 12:11-25, 13:1-22).   Spivey testified that prior to his change of plea he had discussed the advisory sentencing guidelines with his attorney and how those guidelines might affect his case (*Id*. at pgs. 14:23-25; 15:1-23).   Additionally, Spivey stated that he understood the rights he would have if he went to trial, and the rights he was giving up by agreeing to plead guilty (*Id*. at pgs. 15:24-25; 16:1-25; 17:1-7).

Spivey also confirmed that no one had threatened him or tried to force or coerce him to plead guilty (*Id*. at pgs. 5:22-25; 6:1).   Spivey stated that he wished to plead guilty of his own free

5

will because he was, in fact, guilty (*Id*. at pgs. 6:7-9).  Spivey also agreed that the facts contained in the factual proffer were true and accurate facts describing his involvement in the crimes charged in the indictment, and that if he went to trial the United States would be able to prove those facts beyond a reasonable doubt (*Id*. at pgs. 22:4-25; 23:1-25; 24:1-25; 25:1-25; 26:1-25; 27:1-18).  The Court asked Spivey if he was fully satisfied with the representation he had received from his attorney, to which Spivey responded "Yes, ma'am" (*Id*. at pg. 30:3-5).  The Court then asked Spivey how he wanted to plead to counts one and two of the indictment, and Spivey responded "Guilty" (*Id*. at pg. 30:6-11).

In summary, the plea colloquy adequately demonstrates that Spivey's guilty plea was knowing and voluntary.  Spivey swore under oath during the plea colloquy that he committed the offenses charged in counts one and two of the indictment, understood the possible consequences of his guilty plea, and waived his right to trial.  "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  Spivey has offered no evidence that the statements he made under oath during the plea colloquy were false, nor has he provided any other fair or just reason for withdrawing his plea.[4] "Mere conclusory allegations do not warrant the withdrawal of a guilty plea." *Buckles*, 843 F.2d at 473.  "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. McHenry*, 849 F.3d 699, 705 (8th Cir. 2017) (internal marks and citation omitted).

---

[4] As for Spivey's assertion that he "still need[s] [his] Discovery[,]" the United States has provided Spivey with all of the discovery to which he is entitled.

C.	**Conservation of Judicial Resources and Prejudice to the United States.**

Because Spivey received close assistance of counsel and because his guilty plea was knowing and voluntary, the third and fourth factors of the *Buckles* analysis should be given less weight. *Gonzalez-Mercado*, 808 F.2d at 801. Nevertheless, it merits noting that judicial resources would not be conserved by allowing the needless withdrawal of Spivey's guilty plea, especially in light of the fact Spivey has failed to present the Court with any legal or factual basis for doing so. *See United States v. Groover*, No. 13-80038-CR, 2014 WL 1464470, at *7 (S.D. Fla. Apr. 14, 2014) (noting that judicial resources would not be conserved by allowing the needless withdrawal of guilty pleas); *United States v. Torres*, No. 13-14055-CR, 2014 WL 4219589, at *4 (S.D. Fla. Aug. 24, 2014) (same).

## CONCLUSION

Based on the foregoing, the United States respectfully submits Spivey has failed to establish a fair and just reason to withdraw his guilty plea, and that this matter should proceed to sentencing.

        Respectfully submitted,

        JUAN ANTONIO GONZALEZ
        UNITED STATES ATTORNEY

By:	**/s/Michael D. Porter**
        Michael D. Porter
        Assistant United States Attorney
        Florida Bar# 0031149
        101 South U.S. Highway 1
        Suite 3100
        Fort Pierce, Florida 34950
        Telephone: (772) 293-0950
        Email:michael.porter2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by either regular U.S. mail or inter-office delivery.

/s/**Michael D. Porter**
Michael D. Porter
Assistant United States Attorney